## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

ALEXANDRIA DIGSBY,

     Plaintiff,

v.                                 Case No.: _____

SCOOTER'S, INC., d/b/a
SCOOTER'S FISH HOUSE;
SAMUEL S. TAYLOR; and
VERNON DIEDRICH,

     Defendants.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Alexandria Digsby, by and through her undersigned counsel, and hereby files this Initial Complaint against defendants, Scooter's, Inc., d/b/a Scooter's Fish House; Samuel S. Taylor; and Vernon Diedrich, and alleges:

### I.  Jurisdiction and Venue

1.     This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act, codified at 29 U.S.C. § 201, *et seq.* (FLSA). This Court also has supplemental/pendent jurisdiction over plaintiff's minimum wage claim under the Florida Minimum Wage Act.

2.     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district, defendants have a business establishment/office and operate in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendants are subject to personal jurisdiction in this district.

## II. Parties

3.     Plaintiff, Alexandria Digsby, was an employee of defendants at times pertinent hereto.

4.     At all times relevant hereto, Scooter's, Inc. employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had revenues exceeding $500,000 per year.

5.     Defendant Scooter's, Inc. is subject to, and not exempt from, the provisions of the FLSA.

6.     Defendant Samuel S. Taylor was at times relevant hereto an officer of Scooter's, Inc., exercised control over the operations of Scooter's, Inc., and played a substantial role in determining the compensation of plaintiff in her employment with Scooter's, Inc.

2

7.     Defendant Samuel S. Taylor is subject to, and not exempt from, the provisions of the FLSA.

8.     Defendant Vernon Diedrich was at times relevant hereto an officer of Scooter's, Inc., exercised control over the operations of Scooter's, Inc., and played a substantial role in determining the compensation of plaintiff in her employment with Scooter's, Inc.

9.     Defendant Vernon Diedrich is subject to, and not exempt from, the provisions of the FLSA.

### III.  Factual Allegations

10.     Plaintiff began working for defendants on or about August 24, 2020 at a restaurant known as Scooter's Fish House located at 1968 Highway 87, Navarre, Florida  32566.

11.     As an employee working at Scooter's Fish House, plaintiff performed the role of a cashier at the establishment.

12.     Plaintiff was qualified for the position which she held at Scooter's Fish House.

13.     Beginning September 7, 2020, plaintiff received the wage of $6 per hour.

14.     This practice of paying plaintiff $6 per hour persisted until plaintiff's

employment with defendants ended August 8, 2021.

### IV.  Count I  -- Violation of Fair Labor Standards Act
### (Minimum Wage Violation)

15.    Plaintiff realleges and incorporates herein paragraphs 1 through 14, above.

16.    Defendants are subject to, and not exempt from, the provisions of the FLSA.

17.    Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA.  Additionally, there were no exemptions under the FLSA which were applicable to plaintiff.

18.    Throughout plaintiff's employment with defendants, they were fully aware of the FLSA and the obligations imposed by it to pay plaintiff the required minimum wage.

19.    During her employment with defendants, defendants failed to compensate her at the legally required minimum wage.

20.    Such conduct of defendants constituted a violation of the minimum wage requirements of the FLSA.

21.    As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

22.     Moreover, plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages due; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

### V.  Count II - Violation of the Fair Labor Standards Act (Overtime Compensation)

23.     Plaintiff realleges and incorporates herein paragraphs 1 through 14, and 16 through 17, above.

24.     Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay overtime compensation for hours worked by plaintiff in excess of 40 hours in a workweek.

25.     On occasion, plaintiff would work in excess of 40 hours in a workweek.

26.     Nevertheless, defendants failed to properly compensate plaintiff by failing to pay her one and one-half times the mandated minimum wage for all time worked in excess of 40 hours in a workweek.

27.     As a result of defendants' violation of the FLSA, plaintiff has been

denied compensation for her overtime labor at the legally required rate.  Moreover,
plaintiff has had to retain an attorney in order to collect the overtime wages owed
to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all
unpaid overtime compensation; an additional equal amount as liquidated damages;
interest, including prejudgment interest; costs; attorneys' fees; and any other relief
to which she may be entitled.

### VI.  Count III - Violation of Florida Minimum Wage Act

28.     Plaintiff realleges and incorporates herein paragraphs 1 through 14,
above.

29.     Defendants are subject to, and not exempt from, the provisions of the
Florida Minimum Wage Act (FMWA), which is mandated by Section 24, Article
X of the Florida Constitution and implemented by Section 448.110, Florida
Statutes.

30.     Plaintiff was entitled to, and not exempt from, the protections and
provisions of the FMWA.  Additionally, there were no exemptions under the
FMWA which would be applicable to plaintiff.

31.     Defendants were also fully aware of the FMWA and the obligations
imposed by it.

6

32.     Throughout the 2020 calendar year, the FMWA required that plaintiff be compensated at the rate of at least $8.56 per hour.

33.     In 2021 the FMWA required that plaintiff be compensated at the rate of at least $8.65 per hour.

34.     Nevertheless, defendants failed to properly compensate plaintiff. Such conduct of defendants constituted a violation of the minimum wage requirements of the FMWA.

35.     As a result of defendants' violation of the FMWA, plaintiff has been denied compensation for her labor at the legally required rate.

36.     Plaintiff has complied with the pre-suit requirements delineated in Section 448.110(6), <u>Florida Statutes</u>, as she provided defendants 15 calendar days written notice of her intent to initiate an action for violations of the FMWA, during which time the claim was not resolved.

37.     Moreover, plaintiff has had to retain an attorney in order to collect the overtime wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages; an additional equal amount as liquidated damages; interest, including pre-judgment interest; injunctive relief; costs; attorneys' fees; and any other relief to which she may be entitled.

*Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
Richard D. Barlow, Esq.
Florida Bar Number:  0425176
ODOM & BARLOW, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
Email@odombarlow.com
Attorneys for Plaintiff